† JOHN V: JOHN.

1. PRIORITY OF A DECREE FOR ALIMONY AS TO A MORTGAGE.

A decree for alimony in gross recovered by a wife against her husband, will operate *per se*, as a lien upon the lands of the husband in the county where it is rendered, and such judgment will become a lien on such lands from the first day of the term, and is superior to a mortgage which is given before such first day of the term, but not recorded till after such first day.

2. APPLICATION OF THE DOCTRINE OF LIS PENDENS.

In an action for alimony in which the petition describes the land and asks that the alimony decreed be made a lien on the land makes the action *lis pendens*, and third parties, during the pendency of the same, can not acquire an interest in the land against the claim of the wife.

APPEAL from the Court of Common Pleas of Butler county.

SMITH, J.

The facts in this case, briefly stated, are these: On February 3, 1890, Mary M. John filed in the court of common pleas of Butler county, a petition against her husband, George W. John, praying for a decree for alimony, on the grounds therein stated, among others, that he had deserted her and their children in 1881 ; that the children were then all minors, and that she had since had to provide for them; that she had paid for medical services for them, $70, and has paid for taxes and repairs on the property in which they lived $425. That during the preceding nine years he contributed nothing to the support of his wife and children, and that he had no excuse for such conduct or abandonment. That he and she owned, as tenants in common, 50¾ acres of land, she owning 9,37 thereof, and he the balance, and she gives a specific description of the land. And that the defendant also owns the undivided half of another tract of land containing fifty-nine and seventy-two hundredths which also is specifically described. That the defendant was then trying and attempting to convey away his said real estate and has executed a mortgage on the first tract, and is attempting to mortgage the other land. Wherefore she prayed for alimony and an injunction to restrain him from selling or incumbering the land, and that she should also as additional alimony have an amount to repay her for advances made by her as aforesaid, and the amount allowed as alimony be made a charge upon the land and adjudged the first and best lien upon the land. On the filing of the petition, an injunction was allowed as prayed for.

The May term of the common pleas court, for 1896, commenced May 5, and continued until about October 1, 1890. An answer was filed by the defendant in the alimony case February 11, 1890, having been drawn February 10, 1890, no summons having been served upon him. On August 4, 1890, at the May term, the court rendered its decree finding the allegations of the petiton to be true, and all the allegations of the answer to be untrue. It further found that the wife had paid for the benefit of the plaintiff $495.00 as alleged in her petition, which is to be considered a part of the alimony allowed plaintiff. The court also allows to plaintiff the further sum of $300.00.

† Judgment affirmed by Supreme Court, on authority of Parish v. Parish, 9 O. S., 534; unreported 53 O. S., 656.

"The court does therefore order and decree the reasonable alimony in money, the sum of $795.00, and the court does further order and decree that said sum is made a lien upon all the real estate of the defendant, which is described as follows :"—going on to describe the real estate as in the petition.

After this is the following statement in the decree : "The last mentioned tract being owned jointly by the plaintiff and the defendant which is undivided, and in proportions as follows :" * * * "and in default of payment of said sum of $795.00 alimony allowed for the period of ten days, execution is allowed to issue therefore" and the costs were adjudged against the defendant.

On the 17th of October, 1894, the action now before this court was commenced. It was in the nature of a creditor's bill, setting up her decree for alimony, the issuance of an execution thereon, and a levy on the property in controversy, and alleging that Jacob Spear, who is made a defendant, pretends to have a mortgage thereon as assignee of James B. Smith, and calling upon him to set up his claim, and asking that the rights of the parties be fixed, and the real estate sold, and the proceeds applied to the payment of her claim.

Spear filed an answer setting up his mortgage, and claiming the first and best lien on the property, and on the issue thus raised the case was heard in this court on appeal.

The facts as disclosed in evidence, are substantially these:

The alimony case was commenced on February 3, 1890, and an injunction as prayed for, allowed on February 10, 1890, On the morning of that day, John, the defendant, executed to Smith, for money then loaned and for money due Smith, a mortgage on this real estate described in the alimony petition, and on the same day he filed his answer in the alimony case. There is no evidence to show that Smith knew of the alimony proceeding when he took his mortgage, nor that the defendant knew it, but it is most probable that he did, and executed the mortgage to raise money for himself. Smith assigned the mortgage and notes to Spear, a purchaser in good faith before the maturity of the notes. The mortgage was not recorded until July 15, 1890, and on this state of fact, the question is, whether the lien of the plaintiff on her judgment and the execution and levy made thereon, is superior to the lien of the mortgage executed to Smith.

It is objected by counsel for the mortgagee, that the decree entered in the alimony case on August 4, 1890, is not such a judgment as will operate a lien on any land in Butler county, then owned by John, the defendant. That it is so informal as not to amount to a judgment at all ; that it is not set out therein in the ordinary language, "that it is therefore considered by the court that the plaintiff recover of the defendant" a certain amount, and that it is not thereby even ordered by the court that the defendant pay to the plaintiff the sum awarded to her as alimony. It is true that the decree is very inartificially drawn, and not at all in accordance with good precedents. But the proceeding in this case was something more than an ordinary proceeding for alimony. It set up some equitable rights in the wife, and sought an injunction against the husband to prevent him from disposing of or encumbering the specific real property described therein, and prayed for a decree that any judgment for alimony she might obtain be made a specific lien thereon. The court allowed her alimony in a definite amount, which was payable at once, and by the decree expressly made it a lien on the lands of the defendant de-

scribed, and in default of the payment of the amount allowed, within ten days, awarded execution therefor. We think it was evidently the purpose and meaning of this decree that the payment was to be made by the defendant to the plaintiff, and that it was a good judgment against him.

But as of what date did this judgment as against the defendant become a lien on these lands? If it is such a judgment as is contemplated by section 5375 Revised Statutes, it bound the land from May 5, 1890. By section 5310, it is provided that "a judgment is the final determination of the rights of the parties in action." Such was the case in this action, and unless there are some decisions of our supreme court to the contrary, we would hold that the provisions of section 5375 apply to this judgment and decree. It is claimed by counsel for Spear that there are such decisions.

It is true that there was some question as to this matter under the early decisions in this state, but it seems to us that it is clearly settled by the decision in *Conrad* v. *Emrich*, 50 Ohio St., 476, where it is expressly held that a decree for alimony in gross will operate *per se* as a lien upon the lands of the husband in the county where it is rendered; and Judge Dickman in delivering the opinion of the court reviews those cases, and holds that under our present system of procedure, judgments of this character, are precisely like other general judgments and have the same effect. It must therefore be a lien on such lands from the first day of the term, and as the mortgage of Spear was not filed until July 15, and before that time as to other persons than the parties to it had no legal effect, the lien of the judgment was superior to that of the mortgage.

We further are of the opinion that the suit for alimony, where the land was described and equitable relief sought, and asking that the alimony decreed to her should be made a lien on the land, made it a *lis pendens*, and that parties pending the same, could not acquire an interest in the land against the claim of the wife—the court having apparently acted favorably on such equities. 30 Ohio St., 579.

Decree for plaintiff.

*Stephen Crane*, Attorney for Plaintiff.

*A. F. Hume*, Attorney for Defendant.